Steven L. Rinehart (USB #11494)
**VESTED LAW, LLP**
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (888) 941-9933
Mobile: (801) 347-5173
Facsimile: (801) 665-1292
Email: steve@utahpatentattorneys.com
*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOCK CITY, a Utah corporation;<br><br>                                    Plaintiff,<br><br>vs.<br><br>OCEANSIDE CAPITAL CORP., a foreign corporation;<br><br>                                    Defendants. | Case No. 2:19-CV-831<br><br>**MOTION TO DISMISS AND INCORPORATED MEMORANDUM IN SUPPORT**<br><br>Magistrate Judge Cecilia Romero |

### I.    MOTION

Defendant Oceanside Capital Corp. ("Oceanside"), by and through counsel undersigned, moves the Court pursuant to Fed. R. Civ. P. 12(b) to dismiss the Complaint in this matter. This Motion is accompanied by a supporting Memorandum of Points of Authority incorporated herein below.

### II.    INTRODUCTION

Plaintiff claims under 15 U.S.C. § 1125(d), the Anticybersquatting Consumer Protection Act (ACPA), asserting the generic top-level domain (gTLD) <sockcity.com> (the "Disputed

1

Domain") is confusingly similar to Plaintiff's registered trademark for SOCK CITY (the "Mark"), a true and accurate copy of which is attached hereto as **Exhibit A.** Plaintiff's trademark was filed in 2016 and registered in 2017, with a claimed first use date of the Mark of 2007. *Id.* The Plaintiff corporation in this matter did not exist until 2016, and not predecessor-in-interest to the trademark rights is identified.

On July 10, 2005, Defendant Oceanside registered the Disputed Domain. *See* Declaration of Andy Tran ("Tran Decl."), ¶¶ 4 - 5, attached hereto as **Exhibit B**. Defendant registered the Disputed Domain nine years before Plaintiff applied for trademark registration and two years before Plaintiff claimed to have started using this trademark in its trademark filing. This fact alone is dispositive in this matter. The registration date of the Disputed Domain is attested by publicly-available records, including the WhoIs record annexed to Defendant's declaration hereto. Additionally, Plaintiff contacted Defendant multiple times before registering its Mark in an attempt to buy the Disputed Domain prior to commencing this action. Tran Decl. ¶ 3. This case was brought in contempt of the plain language of the ACPA.

### III.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1088 (10th Cir. 2003). To state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face. *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir.2003).

As the following discussion establishes, the allegations in the Complaint do not support a claim for relief, and the single claim in the Complaint should therefore be dismissed. Because it is chronologically impossible for the facts in this matter to give rise to Plaintiff's claim for relief, the Court should dismiss the Complaint with prejudice.

## IV.     ARGUMENT

**A.     The Statutory Language of the ACPA Renders Plaintiff's Claim Chronologically Meritless.**

Plaintiff makes a single claim for relief in its complaint for violation of 15 U.S.C. 1125(d), the ACPA, and requests relief under only 15 U.S.C. 1125 in the prayer. To establish a cause of action for cybersquatting, a plaintiff must demonstrate that (1) the Defendant possesses a bad faith intent to profit from another's trademark and either registers, traffics in, or uses that trademark in a domain name; (2) **the plaintiff's mark was distinctive or famous at the time the domain name was registered;** and (3) the domain name is identical or confusingly similar to the plaintiff's trademark." 15 U.S.C. 1125(d) (emphasis added).

Plaintiff's claim ignores the statutory requirement that Plaintiff demonstrate rights in a distinctive or famous mark at the time the domain name was registered. The undisputed facts of this case reveal that it is impossible for Plaintiff to prove the second element necessary to establish liability against Defendant. Defendant registered the domain name <sockcity.com> on July 10, 2005. **It is undisputed that at the time Defendant registered the domain name, Plaintiff had not begun to use SOCK CITY** and had not acquired any rights in the Mark. Plaintiff did not have any trademark rights at the time the Disputed Domain was registered, much less rights in a distinctive or famous trademark.

A party asserting federal trademark infringement or a cause of action based on infringement of a mark must allege that it had first use of the mark at issue within the jurisdiction

3

where the mark is being asserted. *Persons Co., Ltd. v. Christman*, 900 F.2d. 1565, 1568-69 (Fed. Cir. 1990).  Here, however, Plaintiff's own pleading, as well as materials judicially noticeable by the Court including Plaintiff's trademark, state that Defendant's registration of the Disputed Domain was prior to Plaintiff's accrual of registered trademark rights in 2017 – with no claim of common law trademark rights in 2005 even asserted in the Complaint much less shown. Plaintiff's own trademark, referenced in the Complaint and attached hereto, indicates Plaintiff did not acquire its trademark until 2017 and asserts Plaintiff first commenced use of the mark in 2007 – two years after the registration of the Disputed Domain.[1]

      The Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court, and may disregard allegations in the Complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F3d 954, 960 (9th Cir. 2010). In addition, courts can consider "documents attached to the complaint, as well as those attached to [a] motion to dismiss, so long as they are integral to the complaint and authentic," including documents "incorporated into the complaint." *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 Fed.Appx. 332, 334 (4th Cir.2013) (internal quotation marks omitted) (citing *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir.2007).  Here, Plaintiff has alleged trademark infringement, and yet, significantly, failed to attach the trademark. Regardless, Plaintiff's reference in the trademark is sufficient to incorporate it. The trademark clearly establishes that Plaintiff's first use was later in time than the Disputed Domain registration.

      Because Defendant's domain name registration pre-dates Plaintiff's trademark rights, Plaintiff's cybersquatting claim must fail as a matter of law. At the time the Disputed Domain

---

[1] The registered trademark filing states a first use date of 2007.

was registered, Plaintiff had no trademark, much less a distinctive one. There is no set of facts under which Plaintiff can establish both the second element necessary to succeed on this claim.

It is worth noting that Plaintiff could have brought this dispute in arbitration before an ICANN Authorized Arbitration Forum under the UDRP, such as the WIPO Mediation Center or the National Arbitration Forum (NAF), which together handle thousands of these domain names disputes annually. Yet, the Plaintiff instead chose to bring an ACPA action in this Court. Arbitration would have quickly resulted in the Plaintiff's demise and the Plaintiff facing a reverse domain name hijacking decision from WIPO or the NAF. Like U.S. District Courts interpreting the ACPA, arbitration panels interpreting the UDRP have universally held that a domain name registrant of any domain name whose registration predates trademark accrual of another party, is a good-faith registrant of the domain name. *See Mosaic International, LLC v. PZ -- No Auction*, FA1002001307578 ("The Panel finds that Respondent's predating registration of the disputed domain name negates a finding of bad faith registration and use."); *see also Interep Nat'l Radio Sales, Inc. v. Internet Domain Names, Inc.*, D2000-0174 (WIPO May 26, 2000) (finding no bad faith where the respondent registered the domain prior to the complainant's use of the mark); *see also Telecom Italia S.p.A. v. NetGears LLC*, FA 944807 (Nat. Arb. Forum May 16, 2007) (finding the respondent could not have registered or used the disputed domain name in bad faith where the respondent registered the disputed domain name before the complainant began using the mark).

This principle is well-settled and without exception to Defendant's knowledge. *See Del Monte Int'l GmbH v. Del Monte Corp.*, 995 F. Supp. 2d 1107, 1122 (C.D. Cal. 2014) (noting that reverse domain name hijacking occurs when a trademark owner moves against a domain name whose registration is not unlawful (citing *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De*

*Barcelona*, 330 F.3d 617, 625 (4th Cir. 2003); Zohar Efroni*, A Barcelona.com Analysis: Toward A Better Model for Adjudication of International Domain Name Disputes*, 14 Fordham Intell. Prop. Media & Ent. L.J. 29, 117 (2003) ("when a trademark owner overreaches in exercising rights under the ACPA, he 'reverse hijacks' the domain name from the domain-name registrant"); Catherine A. Shultz & Courtney A. Hofflander*, Reverse Domain Name Hijacking and the Uniform Domain Name Dispute Resolution Policy: Systematic Weaknesses, Strategies for the Respondent, and Proposed Policy Reforms*, 4 Cybaris An Intell. Prop. L. Rev. 218, 225 (2013) (noting that Reverse Domain Name Hijacking occurs when "a trademark owner brings, or simply threatens to bring, a frivolous cybersquatting claim").

The intent of the domain name registrant is irrelevant to this part of the cybersquatting inquiry. Instead, the relevant inquiry under 15 U.S.C. § 1125(d)(1)(ii) is the existence and status of the asserted trademark "at the time" the domain name was initially registered.

## V. REQUEST FOR ATTORNEY FEES

At the time Defendant registered the Disputed Domain <sockcity.com>, Plaintiff had not began using SOCK CITY, much less acquired any trademark rights in SOCK CITY. Plaintiff had specific knowledge that its allegations and other factual contentions had no evidentiary support and that their claim against Defendant was unjustifiable. The 2005 registration date of the Disputed Domain is publicly-available information.  Plaintiff is culpable for reverse domain name hijacking.  Accordingly, Defendant seeks imposition of monetary sanctions under 15 U.S.C. 1125(d) to compensate Defendant for the expenses and fees it has incurred and also an amount to deter such conduct in the future, which section provides, "In any civil action brought under paragraph (1), a court may award injunctive relief, including the forfeiture or cancellation

of the domain name or the transfer of the domain name to the plaintiff. The court may also, in its discretion, award costs and attorneys fees to the prevailing party."

Because of the frivolous nature of the claims made in the Complaint, Defendant requests the Court award attorney fees spent defending against this action. It would be unjust to force Defendant to bear the burden of responding to a frivolous ACPA claim, particularly where the U.S. Congress enacted the ACPA with an express provision encouraging the Court to award attorney fees in frivolous ACPA cases. Plaintiff nonetheless, thereafter, filed the Complaint in this dispute, hoping the extortionary effect of the attorney fees which the Defendant would be forced to incur would result in the surrender of the Disputed Domain. This Court should not tolerate this bad faith conduct. The Plaintiff should not have arbitrarily forced the Defendant to incur attorney fees responding to claims that are unsustainable.

## VI.   CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant respectfully requests that this action be dismissed for failure to state a claim upon relief can be granted, and that this Court award attorney fees.

DATED AND SIGNED this the 8th day of January, 2020.

VESTED LAW, LLP

*By: /s/ Steven Rinehart            .*
Steven Rinehart
*Attorney for Defendant*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2020, a true and correct copy of the foregoing Motion To Dismiss was served on the following person(s) indicated below:

| All parties/counsel of record, including:<br><br>Casey W. Jones<br>STRONG AND HANNI<br>102 South 200 East, Suite 800<br>Salt Lake City, UT 84111<br>Phone: (801) 532-7080<br>*Attorney for Plaintiff* | _____ US Mail, Postage Prepaid<br><br>_____ Facsimile<br><br>_____ Hand-Delivery<br><br>_____ Federal Express<br><br>__X__ Electronically (ECF/PACER) |
|---|---|

/s/ Steven Rinehart             .

Steven Rinehart