Casey W. Jones, #12133
**STRONG & HANNI**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
cjones@strongandhanni.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT IN AND FOR

## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOCK CITY, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>v.<br><br>OCEANSIDE CAPITAL CORP., a Nevada corporation,<br><br>        Defendant. | **PLAINITFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00831-CMR<br><br>Judge David B. Barlow<br>Magistrate Judge Evelyn J. Furse |

Plaintiff, Sock City, Inc. ("Sock City") under Rules 7 and 15(a)(2) of the *Federal Rules of Civil Procedure* and DUCIvR 7-1 and 15-1, move the Court for leave to file its Second Amended Complaint.

### INTRODUCTION

Plaintiff initially sued Defendant Oceanside Capital Corp. ("Defendant") in October 2019. After discovering the true identity of Defendant, Plaintiff filed its First Amended Complaint in December 2019 for purposes of naming the correct party to the lawsuit. Since then, Plaintiff has come across new facts that have formed good-faith basis, on information and belief, to support another cause of action against Defendant.

Plaintiff discovered that Defendant never established priority use of the trademark at issue and, as a result, is currently infringing on Plaintiff's trademark by posting links to third-party retail websites using a domain name that is confusingly similar to Plaintiff's trademark. Plaintiff will lose out on significantly more remedies if it is unable to amend its complaint.

## ANALYSIS

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). "The grant of leave to amend the pleadings pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court." *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1584–85 (10th Cir. 1993) (internal citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). None of the elements for refusing leave to amend are present.

Federal courts have widely held that mere registration of a domain name alone does not in itself constitute "use" for purposes of acquiring trademark priority. *Brookfield Communications Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999). *See* also *Academy of Motion Picture Arts & Sciences v. Network Solutions, Inc.*, 989 F.Supp. 1276, 1997 WL 810472 (C.D. Cal. December 22, 1997) (holding that the mere registration of a domain name does not constitute a commercial use); *Vivint, Inc. v. Christensen,* No. 2:18-cv-00313-JNP-PMW 2019 WL 131857 (D. Utah January 8, 2019) (holding that merely obtaining or registering a word or phrase as a domain name, without use in connection with any commercial enterprise does not itself trigger infringement by confusion or dilution under the Lanham Act).

Plaintiff established its trademark priority in the name "SOCK CITY" in 2007. Plaintiff subsequently received trademark registration for the name "SOCK CITY" in 2017. Defendant is currently infringing upon Plaintiff's SOCK CITY trademark by posting links to third-party retail websites selling socks on the domain, sockcity.com, which domain is confusingly similar to Plaintiff's SOCK CITY trademark registration. Therefore, Plaintiff established trademark priority and Defendant is currently infringing on Plaintiff's trademark.

## CONCLUSION

For the reasons stated above, Plaintiff asks the Court to grant its motion for leave to file its Second Amended Complaint which is attached hereto as Exhibit A.

DATED this 28th day of February, 2020.

STRONG & HANNI

*/s/ Casey W. Jones*

_____

Casey W. Jones
*Attorney for Plaintiff*